UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUMMIT USA, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROMENS USA, INC., a Delaware corporation; and BONAR PLASTICS, INC., a Delaware corporation,<br><br>Defendants | CASE NO. C08-5692BHS<br><br>ORDER DENYING STIPULATED PROTECTIVE ORDER |

This matter comes before the Court on the parties' Stipulated Protective Order (Dkt. 12). The Court has considered the pleading filed in support of the proposed order and the remainder of the file and hereby declines to enter the proposed order as an order of the Court for the reasons stated herein.

The parties request an expansive protective order for all confidential information that may be disclosed during the discovery phase of this proceeding. The parties have agreed to designate as "confidential" all material "any document, tangible item, or testimony provided by any party which that party contends contains information that is proprietary and is entitled to protection under [Federal Rule of Civil Procedure] 26(c)(7)." *Id*. at 4. The parties further dictate a procedure for the disclosure of designated material. *See id*. at 7-8.

The Court need not enter the stipulation as an order of the Court because (1) the proposed order contains provisions that are more appropriate for an agreement between

ORDER - 1

the parties instead of an expansive protective order and (2) the attorneys for both parties have executed the agreement.  Moreover, the parties have already been ordered to redact dates of birth, social security numbers, and financial accounting information pursuant to the General Order of the court regarding Public Access to Electronic Case Files. If a party chooses to submit confidential documents to the Court, the party may file a motion to seal the material pursuant to Local Rule CR 5(g) and note the motion according to Local Rule CR 7(d)(2).  "The law requires, and the motion and the proposed order shall include, a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access."  Local Rule CR 5(g)(2); *see also Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289 (9th Cir. 1986).  If the party that chooses to submit the material is not the party that designated the material "confidential," it may state so in the motion to seal and, in the response, the designating party may articulate facts in support of sealing the submitted material.

If a party seeks protection from the public disclosure of any material after unsuccessfully obtaining agreement for such protection from all parties, such party may apply to the Court for relief. However, when disagreements arise, it is important to adhere to the requirement of a "good faith" effort "to resolve the dispute without court action." *See* Fed. R. Civ. P. 26 and 37.

Therefore, it is hereby

**ORDERED** that the parties' Stipulation Regarding Confidentiality and Agreed Protective Order (Dkt. 12) is **DENIED**.

DATED this 31st day of August, 2009.

BENJAMIN H. SETTLE
United States District Judge